# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

REGINALD JACKSON,⟩

⟩

Petitioner,⟩

⟩

v.⟩          Civ. A. No. 04-323-GMS

⟩

THOMAS CARROLL, Warden, and⟩

M. JANE BRADY, Attorney General⟩

for the State of Delaware,⟩

⟩

Respondents.⟩

———————————

Reginald Jackson. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Attorney for respondents.

———————————

## MEMORANDUM OPINION

November 30, 2005
Wilmington, Delaware



FILED

NOV 3 0 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE



Sleet, District Judge

## I. INTRODUCTION

Petitioner Reginald Jackson ("Jackson") is an inmate at the Delaware Correctional Center

in Smyrna, Delaware. He has filed the pending petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. (D.I. 1.) For the reasons that follow, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 1998, Jackson robbed an unarmed man, shot him in the back of the neck, and left him

for dead. *State v. Jackson*, 2001 WL 880154 (Del. Super. Ct. Jan. 23, 2001). In February 1999, a

Delaware Superior Court jury convicted Jackson of attempted first degree murder, first degree

robbery, and two counts of possession of a firearm during the commission of a felony. The

Superior Court sentenced him to an aggregate of thirty-seven (37) years incarceration. The

Delaware Supreme Court affirmed Jackson's convictions and sentences on direct appeal. *Jackson

v. State*, 2000 WL 1508601 (Del. Sept. 13, 2000).

In October 2000, Jackson filed in the Superior Court a motion for post-conviction relief

pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court

denied the motion, and the Delaware Supreme Court dismissed Jackson's appeal of the decision

as untimely. *Jackson v. State*, 2001 WL 578565 (Del. May 15, 2001). Jackson filed a second

Rule 61 motion in May 2002. The Superior Court denied the motion, and the Delaware Supreme

Court affirmed that decision. *See State v. Jackson*, 2002 WL 31268279 (Del. Super. Ct. Oct. 9,

2002); *Jackson v. State*, 2003 WL 21241350 (Del. May 27, 2003).

In May 2004, Jackson filed in this court a *pro se* petition for the writ of habeas corpus

pursuant to 28 U.S.C. § 2254. (D.I. 1.) The State filed an answer asking the court to dismiss

2

Reed's federal habeas petition. (D.I. 13.)

## III. DISCUSSION

Federal courts are authorized to provide habeas relief only where a petitioner is in custody

in violation of the constitution or laws or treaties of the United States. 28 U.S.C. 2254(a);

*Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998); *Davis v. Snyder*, 2002 WL 169261, at

*7 (D. Del. Jan. 31, 2002). The "federal role in reviewing an application for habeas corpus is

limited to evaluating what occurred in the state or federal proceedings that actually led to the

petitioner's conviction; what occurred in the petitioner's *collateral* proceedings does not enter

into the habeas calculation." *Hassine,* 160 F.3d at 954 (emphasis added). Additionally, claims

based on errors of state law are not cognizable on federal habeas review, *Pulley v. Harris*, 465

U.S. 37, 41 (1984); *Riley v. Harris*, 277 F.3d 261, 310 n.8 (3d Cir. 2001), and a federal habeas

court cannot re-examine state court determinations on state law issues. *Estelle v. McGuire*, 502

U.S. 62, 67-8 (1991); *Smith v. Phillips*, 455 U.S. 209, 211 (1982); *Mullaney v. Weber*, 421 U.S.

684, 691 (1975).

Jackson's habeas petition asserts one claim: the Delaware Supreme Court violated his

Fourteenth Amendment right to due process by upholding the Superior Court's decision that his

third Rule 61 motion was procedurally barred. (D.I. 1, at ¶ 12.) Specifically, Jackson contends

that the Superior Court should have addressed the merits of the ineffective assistance of counsel

claim raised in his Rule 61 motion before determining that it was procedurally barred, and that

the Delaware Supreme Court should have required this analysis as well.

Jackson's claim only challenges the application of Delaware's rules governing post-

conviction proceedings to his third Rule 61 motion; it does not challenge the constitutionality of

3

his conviction, sentence, or direct appeal. Accordingly, the court will dismiss Jackson's petition because it fails to present an issue cognizable under § 2254.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

The court concludes that Jackson's  habeas petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Jackson's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

REGINALD JACKSON,                 )
                                  )
            Petitioner,           )
                                  )
    v.                            )        Civ. A. No. 04-323-GMS
                                  )
THOMAS CARROLL, Warden, and       )
M. JANE BRADY, Attorney General   )
for the State of Delaware,        )
                                  )
            Respondents.          )

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. Reginald Jackson's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C §

2254, is DISMISSED, and the relief requested therein is DENIED.   (D.I. 1.)

2. The court declines to issue a certificate of appealability.

Dated: November 30 , 2005

UNITED STATES DISTRICT JUDGE



FILED

NOV 3 0 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE