## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 04-323-GMS |
| | ) |
| THOMAS CARROLL, Warden, and | ) |
| M. JANE BRADY, Attorney General | ) |
| for the State of Delaware, | ) |
| | ) |
| Respondents. | ) |

Reginald Jackson. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondents.

**MEMORANDUM OPINION**

November 30, 2005
Wilmington, Delaware



FILED
NOV 30 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE


Sleet, District Judge

## I. INTRODUCTION

Petitioner Reginald Jackson ("Jackson") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. He has filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.) For the reasons that follow, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 1998, Jackson robbed an unarmed man, shot him in the back of the neck, and left him for dead. *State v. Jackson*, 2001 WL 880154 (Del. Super. Ct. Jan. 23, 2001). In February 1999, a Delaware Superior Court jury convicted Jackson of attempted first degree murder, first degree robbery, and two counts of possession of a firearm during the commission of a felony. The Superior Court sentenced him to an aggregate of thirty-seven (37) years incarceration. The Delaware Supreme Court affirmed Jackson's convictions and sentences on direct appeal. *Jackson v. State*, 2000 WL 1508601 (Del. Sept. 13, 2000).

In October 2000, Jackson filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the motion, and the Delaware Supreme Court dismissed Jackson's appeal of the decision as untimely. *Jackson v. State*, 2001 WL 578565 (Del. May 15, 2001). Jackson filed a second Rule 61 motion in May 2002. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision. *See State v. Jackson*, 2002 WL 31268279 (Del. Super. Ct. Oct. 9, 2002); *Jackson v. State*, 2003 WL 21241350 (Del. May 27, 2003).

In May 2004, Jackson filed in this court a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.) The State filed an answer asking the court to dismiss

Reed's federal habeas petition. (D.I. 13.)

## III. DISCUSSION

Federal courts are authorized to provide habeas relief only where a petitioner is in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. 2254(a); *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998); *Davis v. Snyder*, 2002 WL 169261, at *7 (D. Del. Jan. 31, 2002). The "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceedings does not enter into the habeas calculation." *Hassine*, 160 F.3d at 954 (emphasis added). Additionally, claims based on errors of state law are not cognizable on federal habeas review, *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Harris*, 277 F.3d 261, 310 n.8 (3d Cir. 2001), and a federal habeas court cannot re-examine state court determinations on state law issues. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *Smith v. Phillips*, 455 U.S. 209, 211 (1982); *Mullaney v. Weber*, 421 U.S. 684, 691 (1975).

Jackson's habeas petition asserts one claim: the Delaware Supreme Court violated his Fourteenth Amendment right to due process by upholding the Superior Court's decision that his third Rule 61 motion was procedurally barred. (D.I. 1, at ¶ 12.) Specifically, Jackson contends that the Superior Court should have addressed the merits of the ineffective assistance of counsel claim raised in his Rule 61 motion before determining that it was procedurally barred, and that the Delaware Supreme Court should have required this analysis as well.

Jackson's claim only challenges the application of Delaware's rules governing post-conviction proceedings to his third Rule 61 motion; it does not challenge the constitutionality of

3

his conviction, sentence, or direct appeal. Accordingly, the court will dismiss Jackson's petition because it fails to present an issue cognizable under § 2254.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

The court concludes that Jackson's habeas petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Jackson's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD JACKSON,            )<br>                              )<br>      Petitioner,             )<br>                              )<br>v.                            )<br>                              )<br>THOMAS CARROLL, Warden, and   )<br>M. JANE BRADY, Attorney General )<br>for the State of Delaware,    )<br>                              )<br>      Respondents.            ) | Civ. A. No. 04-323-GMS |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Reginald Jackson's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED.  (D.I. 1.)

2. The court declines to issue a certificate of appealability.

Dated: November 30, 2005

_____
UNITED STATES DISTRICT JUDGE


FILED
NOV 30 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE